**A. M. S., Respondent,**

v.

**J. L. S., Appellant.**

**No. 28109.**

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.

Motion for Rehearing and/or Transfer
Denied Dec. 23, 1976.

Robert E. Gregg, Donald E. Raymond, Kansas City, for appellant.

Vold, Sullivan & Kopp, William R. Williams, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from decree of circuit court, modifying child custody terms of divorce decree by changing custody of minor son from father to mother.

A. S. and J. S. were married in 1958 and divorced in 1961. The mother was awarded custody of two sons, John, born in 1958, and Keith, born September 20, 1960. In August, 1973, the decree was modified to award the custody of the children to the father. On November 24, 1974, the mother moved to amend the decree again by restoring custody of Keith, then 14 years of age, to her. The motion alleged changed circumstances as follows:

1. Keith had started having serious problems in his school work.

2. Keith had become involved in a problem causing the juvenile authorities to take action.

3. Keith has expressed his desire to return to the custody of his mother.

At the conclusion of a hearing on the motion held in February, 1975, the court modified the decree by awarding custody of Keith to his mother and ordered the father to pay $250 monthly child support. In announcing his conclusion the trial judge stated:

"I could not find in this case that there is a change in the circumstances of the custodial parent as would cause the Court to sustain the Motion to Modify the judgment in this case. I think the evidence has caused me to conclude that there is a significant change in the circumstances of the child involved, including his present emotional and behavioral conditions and attitudes. This should not infer to you for one moment that the Court is basing its judgment and order on the expressed wish, if any, of the child as to his choice of custodian. I have considered all of the evidence in this case and have considered the change in circumstances of the child involved; and on all of the evidence in this case, therefore, I find that a modification of the decree is necessary to serve the best interest of the child."

On this appeal, appellant first contends that the evidence supported none of the three grounds alleged in the motion as changed circumstances justifying a change in custody of the child.

The trial court made no express findings with respect to these allegations. However, it is apparent that he considered these matters as bearing upon the "emotional and behavioral conditions and attitudes" of the boy which the court concluded warranted a finding of changed circumstances. The evidence showed that the boy's scholastic record was unexceptional. During grade school his record showed largely M's, with a scattering of S's and I's. In his first year of junior high school, 1972–1973, he had one failure one semester and I's and M's in other courses, except for two S's. In his second year, 1973–1974, his record did not improve. For the first semester of grade nine, beginning in September, 1974, his grades showed some improvement.

Much of the boy's scholastic problems appear to have been related to his nonattendance, noted particularly beginning with the 1972 school year. At that time, he was still in respondent's legal custody, but because she underwent surgery, the boy was in appellant's actual custody during at least a large part of the first semester of the 1972–1973 school year.

Respondent attributed Keith's improvement during the first semester of the 1974 year to her assistance. Again, although appellant had legal custody of the boy at that time, the evidence showed that he actually spent much time with his mother.

The juvenile court matter arose in November, 1974. Apparently it arose out of Keith's truancy from school and was initiated by respondent. According to her, she was seeking to use this means in order to obtain the benefit of counselling for the

boy. The matter was dismissed by the juvenile court without any action by that agency. Both appellant and respondent acknowledged the boy's need for counselling. However, appellant could not obtain his cooperation for that purpose.

The record here contains no direct evidence that Keith had expressed a desire to return to the custody of his mother. However, appellant stated that if Keith should be asked his preference, he would expect him to say that he preferred to live with his mother.

There was evidence that his mother had, during Keith's visits, become aware that he had used marijuana. He did not do so in her presence, but the odor remained in his clothes. Appellant had been unaware of any such problem. The evidence indicated that Keith had been supplied marijuana by his older brother who had been summoned for a juvenile court proceeding arising out of his possession of the substance.

■ On this record, this court cannot say that the conclusion of the trial court that there had been a change in conditions involving the boy's emotional and behavioral problems which warranted a change of custody in his best interest should be overturned. There was evidence to support the trial court's conclusion. The trial court had the advantage of viewing the parties and the other witnesses. Review does not leave this court with the firm conviction that the trial court erred in its conclusion. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

This conclusion also disposes of appellant's second contention that there was no evidence of a material change in circumstances which justified a change in custody.

Appellant's third complaint is that the court's order was based upon secret evidence, taken in camera, the record and substance of which was sealed by order of the court, with the result that appellant was denied knowledge of the evidence which the court considered and was deprived of the opportunity to respond to such evidence. As authorized by § 452.385, RSMo 1975 Supp., at the conclusion of the evidence presented by the parties, the trial court interviewed Keith in chambers, in the presence of the attorneys for the parties. A record of the interview was made by the court reporter. However, the court ordered the record sealed and it was not made a part of the transcript on appeal. The court also directed the attorneys not to reveal what was said at the interview. Appellant contends that the court ignored that portion of § 452.385 which requires the transcript of the interview to be "made part of the record in the case."

This complaint entitles appellant to no relief in this court. Without approving or disapproving the action of the trial court, it is to be noted that appellant took no steps to have the in camera interview made available to this court. Counsel was present but made no move to rebut or refute, in the trial court, any matter which might have arisen in the interview. Counsel on appeal would excuse this by saying that trial counsel could not have known what might have been available from his client had he not been prohibited from discussing the interview with his client. Certainly counsel was aware of what had been brought out at the hearing and he undoubtedly would have sought relief from the trial court's order had he sincerely believed that anything had been introduced into the case at the interview which required refutation or rebuttal.

■ The suppression of an in camera interview must not be used to permit arbitrary action by a trial court in a case such as this. Here, the trial court's action was justified by the record in the case, and his action was not arbitrary. Appellant has not suggested that the record of the in camera interview would call for a different result. In the light of appellant's inaction and in the further light of his failure to suggest how the production of a transcript of the interview might have produced a different result in this court, his contention affords no basis for relief.

Judgment affirmed.

All concur.